## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

**GABRIEL MONTANO GONZALEZ**  **CASE NO.  3:25-CV-02117 SEC P**

**VERSUS**  **JUDGE TERRY A. DOUGHTY**

**KRISTI NOEM ET AL**  **MAG. JUDGE KAYLA D. MCCLUSKY**

### MEMORANDUM ORDER

Pending before the Court is a Motion for Preliminary Injunction ("PI") [Doc. No. 2] filed by Petitioner, Gabriel Montano Gonzalez ("Petitioner"). After carefully considering Petitioner's filings and the applicable law, the Motion is **DENIED**.

## I.    BACKGROUND

Petitioner lacks lawful immigration status, and his country of origin remains unknown to the Court.[1] What is known, however, is that Petitioner entered the United States illegally over twenty-five years ago.[2] On November 1, 2025, United States Immigration and Customs Enforcement ("ICE") arrested and charged Petitioner with removability under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the U.S. who has not been admitted or paroled.[3] Petitioner was moved to Jackson Parish Correctional Center in Jonesboro, Louisiana, where he remains detained.[4]

Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1] ("Habeas Petition") on December 26, 2025, seeking this Court to declare that Petitioner is being

---

[1] [Doc. Nos. 1; 2].
[2] [Doc. No. 2-1, p. 7].
[3] [Id.].
[4] [Id.].

unlawfully detained under 8 U.S.C § 1225(b).[5] Thus, Petitioner's central argument in both his Habeas Petition and Motion for PI is that he is unlawfully being detained under 8 U.S.C § 1225(b) and should instead be detained under 8 U.S.C. § 1226(a) which does not require mandatory detention and entitles him to a bond hearing.[6]

The Court is prepared to rule.

## II.    LAW AND ANALYSIS

Federal courts may issue a TRO or PI *ex parte* or after notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b).

But it does not say when courts may issue them. In *Winter v. Nat. Res. Def. Council, Inc.*, the Supreme Court laid a four-part test that lower courts must follow when considering whether to issue a preliminary injunction. 555 U.S. 7 (2008). Parties "seeking a preliminary injunction must establish (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, *and* (4) that an injunction is in the public interest." *Id.* at 20 (citation modified).

---

[5] [Doc. No. 1, p. 17].
[6] [Doc. No. 1, p. 7]; [Doc. No. 2-1, p. 6].

The Supreme Court, very recently, reminded lower courts that PIs are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025). In other words, they should not be used to rule on the final, merits question.

Rather, PIs help "preserve the status quo until a trial" or other final disposition is rendered. *Lackey*, 604 U.S. at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65 or the *Winters* factors, it is implicit in the "irreparable harm" prong. Courts sometimes describe irreparable harm as those injuries, which "cannot be undone through monetary remedies." *Interox Am. v. PPG Indus., Inc.*, 736 F.2d 194, 202 (5th Cir. 1984) (citation omitted). But that is only one side of the coin. Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974); *see also* Samuel L. Bray, *The Purposes of the Preliminary Injunction*, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." *Callaway*, 489 F.2d at 573.

Here, Petitioner seeks the same relief in his underlying Habeas Petition—reclassification as detained under 8 U.S.C. § 1226 and entitlement to a bond hearing.[7] Liberty is inarguably the most paramount natural right. And true, the Fifth Circuit

---

[7] [Id.].

has held even momentary loss of a right constitutes irreparable injury. *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 295 (5th Cir. 2012) (citation omitted) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). But context matters. In *Opulent Life Church*, the plaintiff leased property for a new church but was denied a renovation permit by the defendants. *Id.* at 283. In finding the defendant's act caused irreparable harm, the Fifth Circuit noted that the plaintiff "will lose its lease if it is not allowed to operate in its leased property." *Id.* at 297. So, a final ruling on the merits is too little, too late. Again, the inquiry is whether something suggests a final ruling would not grant the plaintiff the prayed-for relief. *See Callaway*, 489 F.2d at 573.

Petitioner cannot show either that he faces imminent removal or the existence of something else that would make a favorable ruling on the Habeas Petition too little, too late. Petitioner's main claims of irreparable harm or injury is that he is separated from his family and being subject to "prison-like" conditions.[8] Accordingly, Petitioner's Motion fails because a mere allegation of unlawful detention due to alleged incorrect classification under 8 U.S.C. § 1225—absent evidence of imminent removal or other circumstances that would render habeas relief ineffective—is insufficient.

The Court notes that these findings may change. If Defendants' actions change Petitioner's circumstances such that the Court could not eventually redress Petitioner's claims, preliminary relief might be appropriate. Accepting Petitioner's

---

[8] [Doc. No. 2-1, p. 18].

contention that any unlawful detention warrants preliminary relief would circumvent the Congressionally-selected procedures set forth in the habeas statute, 28 U.S.C. § 2241. This Court declines to do so.

### III.    CONCLUSION

For these reasons,

**IT IS ORDERED** that Petitioner's Motion [Doc. No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that the Habeas Petition [Doc. No. 1] is referred to the Magistrate Judge.

MONROE, LOUISIANA, this 29th day of December 2025.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE